Mokput, J.
delivered the opinion of the court.
The plaintiff claims, as his property, two lots of ground forming the corner of Estelle and Magazine streets, alleging that he never parted with his title to the same, nor been legally divested of it. The answer avers that defendant has become the lawful owner of these lots by virtue of a sale made to him by the city marshal, to satisfy a judgment of the city court, by which they were decreed to be sold for taxes due to the Second Municipality.
The record shows that the plaintiff was the lawful owner of the property in dispute by purchase from his brother William Hodge; that in the year 1838, a sum of $106 43 being due to the Second Municipality for the paving of the side-walks of the property, proceedings were instituted under the act of the legislature, approved the 18th March, 1828, which resulted in the forced alienation complained of by the claimant. The only inquiry before us, then, is whether these proceedings were authorized by law, and carried on in conformity with this statute. Its object was to provide for and regulate [516] the collection of taxes and other sums due to the corporation by non-residents who have no agents in the city. It is against persons of this description alone that the particular mode of pursuit, sanctioned by this act, can take place; and we have heretofore required a most rigid compliance with its provisions. It is in proof that the plaintiff is an old resident of this city and was well known to the authorities of the Second Municipality as the owner of the property in question; that he had paid taxes on it from the time he had acquired *682 it. That in the summer of 1838 he left the Stale and was absent about three months on a trip to the north, but that during that time he had in the city two well known agents whom he had appointed by authentic act, and that on his return he paid his last city tax on this very property but a few weeks before it was sold from under him as belonging to some unknown non-resident person. From these facts, and the express terms of the act, it is clear that these proceedings were altogether unauthorized by law; they can be considered but as the result of error and gross inattention on the part of the officers of the municipality, and could not have the effect of divesting plaintiff of his property. Under this view of the subject, it is unnecessary to consider if there has been any omission of the formalities required to have affected a valid alienation of the lots in dispute. Acts of 1828, p. 102; 4 La. Rep. 148; 13 Id. 208.
The judgment of the parish court is therefore affirmed, with costs.